**[Cite as *State v. Jones*, 2019-Ohio-1548.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-94 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-45 |
| | : | |
| TIMOTHY JONES | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 26th day of April, 2019.

. . . . . . . . . .

JOHN M. LINTZ, Atty. Reg. No. 0097715, Clark County Prosecutor's Office, Appellate Division, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

KIRSTEN KNIGHT, Atty. Reg. No. 0084033, P.O. Box 137, Germantown, Ohio 45327
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} On January 9, 2018, during a lockdown and cell search at the Clark County Jail, inmate Timothy Jones was found to have a three-to-five-inch shank in his sock. On January 22, 2018, he was indicted for Possession of a Deadly Weapon While Under Detention in violation of R.C. 2923.131(B), a fifth-degree felony. He was found guilty on July 12, 2018, after a jury trial. On July 18, 2018, Jones was sentenced to 12 months in prison. He appeals.

{¶ 2} Shortly before his July 2018 trial, Jones's counsel issued subpoenas duces tecum for all records from the Clark County Jail and the prosecutor's office pertaining to charges pressed against inmates for possession of deadly weapons while in jail. At a July 9, 2018 hearing on the State's motion to quash the subpoenas, Jones argued the records were relevant because he believed charges were selectively brought against him based on his race. At the conclusion of the hearing, the trial court stated:

> * * * [I]t would appear to the Court that you were being prosecuted because you possessed a deadly weapon while under detention not because of who you are, your race or ethnicity.
>
> Before the Court's going to allow the defense to launch into some kind of racial fishing expedition, I would at a minimum require some evidence that that's the case or the motivation for this prosecution. At this point in time there is no evidence of that.
>
> I understand you're asking to subpoena records to try to acquire evidence of that fact, but at this point it seems to the Court that it's total speculation * * *.

(Motions Hearing Tr. 7-8). The trial court quashed the subpoenas. On July 12, 2018, Jones was found guilty.

{¶ 3} In his sole assignment of error, Jones contends the "Trial Court abused its discretion when it denied [him] his Sixth Amendment right to present a defense." He argues that he "was not allowed to present his defense at trial." (Brief of Defendant-Appellant, p. 2). We overrule the assignment of error and affirm the conviction.

{¶ 4} Without question, under the Due Process Clause of the Fourteenth Amendment, or the Compulsory Process or Confrontation Clauses of the Sixth Amendment, the U.S. Constitution guarantees criminal defendants " 'a meaningful opportunity to present a complete defense.' " *Crane v. Kentucky*, 476 U.S. 683, 690, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986), quoting *California v. Trombetta*, 467 U.S. 479, 485, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984). Nevertheless, "the Constitution does not guarantee a defendant the opportunity to present *any* evidence he desires." (Emphasis sic.) *Alley v. Bell*, 307 F.3d 380, 396 (6th Cir.2002).

{¶ 5} Initially we note that " '[a] selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution.' " *State v. Sanchez*, 9th Dist. Loraine No. 09CA009582, 2010-Ohio-4660, ¶ 33, quoting *State v. Getsy*, 84 Ohio St.3d 180, 203, 702 N.E.2d 866 (1998). The Sixth District has ruled that " '[t]he defense of selective prosecution must be raised in a pretrial motion.' " *State v. Brown*, 6th Dist. Ottawa No. OT-95-040, 1996 WL 139626, *7 (Mar. 29, 1996), quoting *Cleveland v. GSX Chem. Servs. of Ohio, Inc.,* 8th Dist. Cuyahoga No. 60512, 1992 WL 95735, *5 (May 7, 1992), and citing former Crim.R. 12(B) (the provision now found in Crim.R. 12(C)). Crim.R.

12(C)(1) specifically requires that "[d]efenses and objections based on defects in the institution of the prosecution" must be raised by motion before trial. The Fourth District, in *State v. Powell,* 4th Dist. Scioto No. 05CA3024, 2006-Ohio-5031, also determined that "[b]ecause the defense of selective prosecution is a matter that is independent of guilt or innocence, it is for the court, not a jury, to decide." *Id.* at ¶ 1. Consequently, Jones's argument that the trial court's quashing of trial subpoenas prevented him from introducing evidence of a defense at trial fails, because the issue could only be raised, and determined, by pre-trial motion.

{¶ 6} Assuming, without deciding, that the trial court could have treated the issuance of the subpoenas and the defense arguments at the motion-to-quash hearing as raising an issue of selective prosecution, the trial court did not err in quashing the subpoena and did not err by not conducting an evidentiary hearing on selective prosecution.

> To support a claim of selective prosecution, " 'a defendant bears the heavy burden of establishing, at least *prima facie*, (1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights.' "

*State v. LaMar,* 95 Ohio St.3d 181, 2002-Ohio-2128, 767 N.E.2d 166, ¶ 44, quoting *State v. Flynt*, 63 Ohio St.2d 132, 134, 407 N.E.2d 15 (1980), quoting *United States v. Berrios*,

501 F.2d 1207, 1211 (2d Cir.1974).

A trial court is required to grant an evidentiary hearing if the defendant demonstrates a "colorable entitlement" to a selective prosecution claim. *State v. Wasmus*, 10th Dist. No. 94APA07-1013[, 1995 WL 250804] (Apr. 27, 1995). However, a "defendant is not entitled to an evidentiary hearing on a selective prosecution defense unless he sets forth a prima facie claim." *State v. Powell*, 4th Dist. No. 05CA3024, 2006-Ohio-5031, ¶ 23. Both the Supreme Court of Ohio and the United States Supreme Court have noted that the burden in maintaining a selective prosecution claim is on the defendant as the prosecutor enjoys a presumption that his actions were non-discriminatory in nature. *State v. Keene*, 81 Ohio St.3d 646[, 693 N.E.2d 246] (1998); *United States v. Armstrong*, 517 U.S. 456, 464[, 116 S.Ct. 1480, 134 L.Ed.2d 687] (1996).

*State v. Moses,* 10th Dist. Franklin No. 13AP-816, 2014-Ohio-1748, ¶ 15. In addition, unless a defendant makes a prima facie showing with credible evidence of selective prosecution, he is not entitled to discovery on the issue. *LaMar* at ¶ 38, *citing Armstrong* at 468-469.

{¶ 7} Here, Jones did not present any evidence that he was wrongfully singled out for prosecution or that the prosecutor's actions were invidious or in bad faith. Moreover, even if Jones were entitled to discovery on the issue, his subpoenas for records of others who had been charged with having a deadly weapon while in the jail would not have revealed either that he was singled out or that the prosecutor acted improperly. The requested records would have indicated only who was charged, not those who Jones

infers may have been found with a deadly weapon in the jail but who were not charged. Accordingly, the record fails to demonstrate a colorable claim for selective prosecution. We conclude the trial court was correct that Jones was required to show "some evidence" that he was singled out because of his race and "some evidence" that the prosecution was wrongfully motivated.

{¶ 8} The sole assignment of error is overruled. The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J., concurs.

FROELICH, J., concurs:

{¶ 9} I would find that, if Jones had filed a timely motion regarding selective prosecution, that a subpoena requesting specific information for a specific period of time should not have been quashed. That did not happen here, and therefore I concur.

Copies sent to:

John M. Lintz
Kirsten Knight
Hon. Douglas M. Rastatter