[Cite as *State v. Jones*, 2020-Ohio-9.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-31 |
| | : | |
| v. | : | Trial Court Case No. 2016-CR-571 |
| | : | |
| TIMOTHY JONES | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 3rd day of January, 2020.

. . . . . . . . . . .

JOHN M. LINTZ, Atty. Reg. No. 0097715, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

BRYAN SCOTT HICKS, Atty. Reg. No. 0065022, P.O. Box 359, Lebanon, Ohio 45036
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Defendant-Appellant, Timothy Jones, appeals from his conviction for carrying a concealed weapon in violation of R.C. 2923.12(A), the revocation of his community control sanctions, and his sentence. On August 30, 2019, Jones' appellate counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct.1396, 18 L.Ed.2d 493 (1967), indicating there are no issues with arguable merit to present on appeal. Jones' appellate counsel raised two potential assignments of error for review.

{¶ 2} On September 12, 2019, we notified Jones that his appellate counsel found no meritorious claim for review and granted him 60 days to file a pro se brief assigning any errors. Jones, however, did not file a pro se brief.

{¶ 3} After conducting an independent review of the entire record as required by *Anders*, including the presentence investigation report, we find no issues of arguable merit for Jones to advance on appeal. Accordingly, the judgment of the trial court will be affirmed.

**Pertinent Facts and Course of Proceedings**

{¶ 4} On November 21, 2016, the Clark County Grand Jury indicted Jones on two offenses: having weapons under disability (R.C. 2923.13(A)(3)), a felony of the third degree, and carrying a concealed weapon (R.C.2923.12(A)), a felony of the fourth degree. On May 3, 2017, Jones entered a plea of guilty to the carrying a concealed weapon charge. In exchange, the State dismissed the more serious charge of having weapons under disability.

{¶ 5} At Jones' plea hearing, the trial court fully complied with the requirements of Crim.R. 11(C)(2) for accepting pleas. Sentencing was held on May 24, 2017, and Jones

was placed on community control sanctions for a period of five years. The trial court advised Jones that if he violated the terms of his community control he could be sentenced to a prison term of 18 months. The special conditions of his community control included that Jones would serve 180 days of local incarceration and that he would be required to obey federal, state, and local laws. Dkt. No. 13, p. 3-4.

{¶ 6} On December 21, 2017, the trial court found that Jones had violated the terms of his community control by failing to report to the jail as ordered. The trial court added 60 days to Jones' jail sentence as a sanction and once again notified Jones that a violation would result in a prison sentence of 18 months. That violation and sanction was appealed and affirmed by this court on October 12, 2018. *State v. Timothy L. Jones*, 2d Dist. Clark No. 2018-CA-10, 2018-Ohio-4143.

{¶ 7} On July 13, 2018, Jones was convicted after a jury trial of possession of a deadly weapon while in detention (R.C. 2923.313(B)), a fifth-degree felony, in Clark C.P. No. 2010-CR-45. Five days later, the trial court sentenced Jones to a prison term of 12 months. That conviction was appealed and affirmed by this court on April 26, 2019. *State v. Timothy Jones*, 2d Dist. Clark No. 2018-CA-94, 2019-Ohio-1548. The conviction was the result of conduct committed while Jones was under community control sanctions in this case.

{¶ 8} After the necessary preliminary proceedings, on April 1, 2019, a hearing was held to determine whether Jones' community control sanctions should be revoked. Since Jones admitted to violating the terms of his community control, the trial court found that Jones violated its terms and conducted a sentencing hearing pursuant to R.C. 2929.19. The trial court then sentenced Jones to a prison term of 18 months with 183

days of jail-time credit, and ordered the sentence to be served consecutively to the 12-month sentence previously imposed in Case No. 2010-CR-45.   Thereafter, Jones filed a timely notice of appeal.   Dkt. No. 39, p. 2.

### Discussion and Conclusion

{¶ 9} In an *Anders* review, we are required to decide "after a full examination of all the proceedings," whether an appeal is "wholly frivolous."   *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493.   *See also Penson v. Ohio*, 488 U.S. 75, 84-85, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).   Issues are not frivolous simply because the State "can be expected to present a strong argument in reply."   *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4.   Instead, an issue will lack arguable merit "if on the facts and law involved, no responsible contention can be made that it offers a basis for reversal."   *Id.*

{¶ 10} After conducting an independent review of the record pursuant to *Anders*, we agree with Jones' appellate counsel that, based on the facts and relevant law, there are no issues with arguable merit to present on appeal.   Jones' appellate counsel suggested that two potential non-frivolous issues may be: (1) whether the trial court erred by making the sentence consecutive instead of concurrent; and (2) that Jones allegedly did not understand his sentence.

{¶ 11} At sentencing, the trial court considered that Jones had committed a felony while on community control and that during the new felony, he possessed a shank while in jail.   The trial court also considered the fact that Jones had a lengthy criminal history since 1996.   Jones' criminal history included convictions for several offenses of violence

including assault, negligent assault, domestic violence, and aggravated assault. The trial court also noted that Jones had been convicted of criminal damaging, escape, and possession of drugs. The trial court further expressed concern that Jones' community control sentences had been previously revoked. Probation Violation Hearing Trans. (Apr. 1, 2019), p. 14.

{¶ 12} The trial court made all of the necessary findings supporting the imposition of consecutive sentencing at the hearing and in the corresponding sentencing entry. *Id.* at p. 15; Dkt. No. 39, p. 2. Although appellate counsel surmised that Jones did not fully understand his sentence, there was clearly no error in that regard. The trial court clearly stated the sentence on the record at the sentencing hearing and in its sentencing entry.

{¶ 13} For the foregoing reasons, we find that the potential issues raised by appellate counsel have no arguable merit. After conducting an independent review of the record as required by *Anders*, we also find no issues with arguable merit for Jones to advance on appeal. Accordingly, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies sent to:

John M. Lintz
Bryan Scott Hicks
Timothy Jones
Hon. Richard J. O'Neill